UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Matthew McKinney, through his
parent and legal guardian,
Tammy Emery,

        Plaintiff,

v.

School Board of Independent
School District No. 11,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 02-4269 ADM/JSM

---

Sonja D. Kerr, Esq., Kerr Law Office, Anchorage, AK, and Judith A. Gran, Esq., Public Interest Law Center of Philadelphia, Philadelphia, PA, on behalf of Plaintiff.

Paul C. Ratwik, Esq., Stacey L. Wilson, Esq., and Amy Mace, Esq., Ratwik, Roszak & Maloney, P.A., Minneapolis, MN, on behalf of Defendant.

---

## I. INTRODUCTION

      This matter is before the undersigned United States District Judge pursuant to multiple dispositive motions filed by both parties. In his First Amended Complaint [Docket No. 8], Matthew McKinney, through his parent and legal guardian, Tammy Emery ("Plaintiff" or "Student") seeks review and reversal of three decisions of Hearing Review Officers ("HRO") in Minnesota Department of Children, Families, and Learning ("MDCFL") Case Nos. 390, 424 and 487. Plaintiff argues, in each case, the School Board of Independent School District No. 11 ("Defendant" or "District") violated his right to a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1487 (2000).

      The matter was referred by the District Court to Magistrate Judge Janie S. Mayeron for a

Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). Judge Mayeron issued two R&Rs addressing the Student's claims. The first R&R ("R&R I") [Docket No. 101] concerned MDCFL Case Nos. 390 and 424 and recommended: (1) Defendant's Motion for Judgment on the Administrative Record/Summary Judgment [Docket No. 79] be granted, and (2) Plaintiff's Motion for Judgment in Favor of the Plaintiff on an Expanded Record or to Set Matter for Trial [Docket No. 90] be denied. The second R&R ("R&R II") [Docket No. 100] addressed MDCFL Case No. 487 and recommended: (1) Defendant's Motion for Judgment on the Administrative Record in Part [Docket No. 38] be granted, and (2) Defendant's Motion for Partial Summary Judgment [Docket No. 38] be granted in part and denied in part.[1] If adopted, the R&Rs would resolve all of the Student's claims and result in the dismissal of his First Amended Complaint.[2]

The R&Rs explicitly noted that objections to the recommendations must be filed with the Clerk of Court on or before August 29, 2005. Neither party objected to the R&Rs. Nonetheless, the Court has conducted an independent, <u>de novo</u> review and is satisfied the R&Rs' conclusions are supported by the weight of the evidence and conform to the IDEA's substantive and procedural requirements. Judge Mayeron's lengthy R&Rs exhaustively considered all of Plaintiff's claims and found they did not constitute violations of the IDEA. The Court finds no reason to repeat Judge Mayeron's comprehensive analysis here and will only summarize its

---

[1] Although R&R I appears after R&R II on the docket, the numerical designations denote the chronological resolution of the Student's claims as they arose from the three due process hearings.

[2] Judge Mayeron's August 16, 2005 Order Denying Motion to Hear Additional Evidence [Docket No. 102] was issued contemporaneously with the R&Rs and resolves any other outstanding issues. Neither party has appealed this Order.

reasons for adopting both R&Rs in their entirety.

## II. DISCUSSION

In examining an R&R, the district court must undertake an independent, de novo review and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

In a motion for judgment on the record brought pursuant to the IDEA, a district court must review the state administrative record, hear additional evidence if requested, and grant such relief as it deems appropriate based on the preponderance of the evidence. 20 U.S.C. § 1415(i)(2)(B); CJN ex rel. SKN v. Minneapolis Pub. Sch., 323 F.3d 630, 636 (8th Cir. 2003). "Although a district court should independently determine whether the child has received a FAPE, it must give 'due weight' to agency decision-making." CJN, 323 F.3d at 636. The "IDEA does not require that a school either maximize a student's potential or provide the best possible education at public expense." Fort Zumwalt Sch. Dist. v. Clynes, 119 F.3d 607, 612 (8th Cir. 1997). Rather, a school district satisfies its obligations under the IDEA if: (1) it complies with the Act's procedural requirements and (2) the individualized education plan ("IEP") is "reasonably calculated to enable the child to receive educational benefits." Bd. of Educ. of the Hendrick Hudson Cent. Sch. Dist. v. Rowley, 458 U.S. 176, 206-07 (1982).

An IEP will not be found deficient if merely de minimis procedural irregularities exist. See Indep. Sch. Dist. No. 283 v. S.D., 948 F. Supp. 860, 882 (D. Minn. 1995) aff'd, 88 F.3d 556 (8th Cir. 1996) An IEP should be set aside only if "procedural inadequacies compromised the pupil's right to an appropriate education, seriously hampered the parents' opportunity to participate in the formulation process, or caused a deprivation of educational benefits." Indep.

Sch. Dist. No. 283, 88 F.3d at 562.

After reviewing the record and the R&Rs, the Court is satisfied that the Student was not denied a FAPE based on any of the events that gave rise to the three due process hearings at issue in the instant matter.  Substantively, the Student received meaningful educational benefit from his IEP as he demonstrated improvement in his communication skills, expanded his vocabulary and increased his interactions with his peers.  See MDCFL Case No. 390 District Ex. 11; Tr. at 88-89, 1012; MDCFL Case No. 424 District Ex. 7 at 7, Ex. 18.  He also made progress in the areas of word identification, passage comprehension, calculation, applied problems, dictation, writing, broad reading, math and written language.  See MDCFL Case No. 424 District Ex. 1 at 2, Ex. 14 at 4; May 3, 2000 Proposed IEP (Mace Aff. [Docket No. 45] Ex. B).  As the R&Rs correctly conclude, the preponderance of the evidence in the record demonstrates that the Student received meaningful educational benefit.

A review of the record also establishes that the District, with a few minor exceptions, complied with the IDEA's procedural requirements.  Any violations of procedural requirements were de minimis and certainly did not compromise the pupil's right to an appropriate education, seriously hamper the parents' opportunity to participate in the formulation process, or cause a deprivation of educational benefits."  See Indep. Sch. Dist. No. 283, 88 F.3d at 562.  The Parent was afforded substantial opportunity to participate in the IEP process.  She admitted the IEP team explained each IEP goal and objective to her with "almost a fine tooth comb" and responded to her concerns.  MDCFL Case No. 390 at Tr. 1125.  At other times, the Parent refused to participate in the process.  See MDCFL Case No. 487 IHO Decision at p. 7 ¶ 43.  The fact the IEP team did not always adopt the Parent's preference does not, in itself, violate the

IDEA. See Blackmon v. Springfield R-XII Sch. Dist., 198 F.3d 648, 657-58 (6th Cir. 1999) (finding the IDEA "does not require school districts simply to accede to parents' demands without considering any suitable alternatives" and failure to agree on placement does not constitute a procedural violation of IDEA on the part of a school district). Although the Student alleged myriad other procedural violations, he presented no evidence that he was deprived of a FAPE.

For the reasons comprehensively set forth in the R&Rs, the Court finds the due process hearings were conducted in accordance with the IDEA and Minnesota rules and regulations and any error that may have been committed was harmless.

Finally, the Court finds R&R II correctly granted the District's Motion for Summary Judgment on claims outside the record of MDCFL Case No. 487. The Student failed to exhaust administrative remedies on his claim that he was denied a FAPE for the 2001-2002 and 2002-2003 school years. Furthermore, because the First Amended Complaint was signed on January 27, 2003, the Student's claim that he was denied a FAPE for the 2003-2004 school year was not properly before the Court.[3] The remaining claim, whether the District was required to develop a Comprehensive System of Personal Development, implicated systemic failures of the District's IDEA process and was not relevant to the individualized claims of the Student.

---

[3] The District had argued that the Student had permanently waived his right to bring a claim the he was denied FAPE during the 2002-2003 school year for failure to exhaust administrative remedies. The R&R correctly held the Student could theoretically bring this claim in federal court at a later time if it was asserted in a due process hearing. This holding, although it does not affect the disposition of the current case, is why Defendant's Motion for Partial Summary Judgment is denied in part.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Judge Mayeron's R&R I [Docket No. 101] and R&R II [Docket No. 100] are **ADOPTED** in their entirety;

2. Defendant's Motion for Judgment on the Administrative Record/Summary Judgment [Docket No. 79] is **GRANTED**; and

3. Defendant's Motion for Judgment on the Administrative Record in Part [Docket No. 38] is **GRANTED**; and

4. Defendant's Motion for Partial Summary Judgment [Docket No. 38] is **GRANTED IN PART AND DENIED IN PART**; and

5. Plaintiff's Motion for Judgment in Favor of the Plaintiff on an Expanded Record or to Set Matter for Trial [Docket No. 90] is **DENIED**; and

6. Plaintiff's First Amended Complaint [Docket No. 8] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: September 8, 2005.